[898 NYS2d 577]

In the Matter of SCOTT M. ZUCKER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 30, 2010

APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Robert H. Cabble* and *Michelle Avlivola* of counsel), for petitioner.

*Long, Tuminello, Besso, Seligman & Werner, Johnston & Sullivan, LLP*, Bay Shore (*David H. Besso* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition containing three charges of professional misconduct. After a preliminary conference and a hearing, the Special Referee sustained charge two but failed to sustain charges one and three. The Grievance Committee now moves to confirm the Special Referee's report insofar as it sustained charge two, disaffirm the report insofar as it failed to sustain charges one and three, and impose such discipline as this Court deems appropriate. The respondent cross-moves to confirm the Special Referee's report to the extent that it failed to sustain charges one and three, disaffirm the report to the extent that it sustained charge two, and limit any sanction to an admonition.

Charge one alleges that the respondent neglected a legal matter entrusted to him in that he failed to timely submit, on behalf of his client, Richard Waxman, a sufficient and complete arbitration claim with the National Association of Securities Dealers (hereinafter NASD) and, after being notified of deficiencies, failed to cure them resulting in the closing of the arbitration proceeding, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

The respondent was retained by Richard Waxman in or about December 2003 to represent him in an arbitration against AXA Advisors, LLP (hereinafter AXA), and certain individuals before NASD. By check dated December 24, 2003, the respondent received a legal fee of $5,200. By check dated February 3, 2004, Waxman gave the respondent $2,450 for filing fees and related costs. He signed a submission agreement in the AXA matter which was notarized on May 12, 2004. Although the respondent advised that the agreement would be filed with a statement of claim that week, he failed to do so until approximately October 22, 2004. On that date, the respondent filed undated documents. Although the submission agreement contained Waxman's signature, it was not notarized. Contrary to the respondent's

representation, a check for NASD arbitration fees did not accompany the submission.

By letter dated October 27, 2004, NASD notified the respondent that the submission was deficient in that it failed to include a check to cover the cost of arbitration and the parties' pre- or postdispute agreement to arbitrate at NASD those claims alleging employment discrimination in violation of a statute. The letter advised that the case would be closed if the deficiencies were not corrected within 30 days. The respondent failed to remit a check or cure the deficiencies within 30 days.

By letter dated December 27, 2004, NASD notified the respondent that the case was closed. The respondent never submitted the arbitration fee and never filed a sufficient and complete claim with the NASD on behalf of Waxman.

Charge two alleges that the respondent failed to promptly pay or deliver at his client's request, funds in the respondent's possession which the client was entitled to receive, in violation of Code of Professional Responsibility DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4]).

After the respondent received the December 27, 2004 letter from NASD closing the case due to his failure to cure the deficiencies in his submission, the respondent did not return to his client the money given him for filing the arbitration. By letter to the respondent dated February 17, 2005, Waxman requested a refund of the $2,450 arbitration expenses for the AXA case. By letter dated March 21, 2005, the respondent advised his client that he did not believe he was entitled to any refund. By letter to the respondent dated April 13, 2005, Waxman again requested the return of the $2,450. The respondent did not return that sum until June 2006.

Charge three alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer by neglecting a legal matter entrusted to him and by failing to promptly return client funds in his possession, to which the client was entitled and which he had requested, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

The respondent submitted a verified answer in which he denied the specific allegations of misconduct, requested the opportunity to respond in further detail in a prehearing or posthearing memorandum, and asserted eight affirmative defenses. Among the affirmative defenses raised were claims that the respondent maintained regular communications with Waxman,

acted in good faith and without prejudice to the client's rights, that the filing delays were attributable to ongoing discussions with Waxman concerning the forum in which he wished to seek redress and numerous revisions to the statement of claim, that the NASD file was closed, in part, due to the refusal of the employer to sign a submission agreement whereby it would have consented to arbitration of the matter, that the respondent performed additional work for Waxman at no extra charge after he no longer represented him, and that all allegations have been resolved to the benefit of the complainant.

Based on the evidence of neglect by the respondent and failure to promptly deliver funds belonging to a client, we conclude that all three charges of the petition have been established by a preponderance of the credible evidence. Accordingly, the Grievance Committee's motion to confirm in part and disaffirm in part the report of the Special Referee is granted and all three charges are sustained. The respondent's cross motion is denied in its entirety.

In determining an appropriate measure of discipline to impose, the Grievance Committee takes note of the respondent's extensive disciplinary history. The respondent was issued an admonition on April 15, 2003 for knowingly making a false statement of fact in a letter to an attorney and improperly settling a dispute with the complainant on condition that he withdraw the complaint. The Grievance Committee for the Ninth Judicial District issued an admonition to the respondent on February 3, 2006 for neglecting a legal matter entrusted to him. In addition, the Grievance Committee for the Ninth Judicial District issued two letters of caution dated June 9, 2005, and another letter dated January 10, 2006, for retention of client files, failing to abide by the directives of the Code of Professional Responsibility DR 2-106 (d) (22 NYCRR 1200.11 [d]) to promptly provide the client in a contingent fee matter with a writing stating the method by which the fee is to be determined, and for improper billing practices. The Grievance Committee issued a letter of caution dated December 4, 2006 for failing to take steps to resolve the status of a court proceeding and to fully apprise the client of what occurred.

The respondent offered, by way of mitigation, the absence of any injury to the complainant as a result of any action or inaction on his part, that the delay in refunding the client's fee was attributable to the advice of his counsel, both of whom were prior Grievance counsel, his good faith belief that the $1,800 fil-

ing fee was in the possession of NASD and would be returned, and his full cooperation with the Grievance Committee.

While the charges involve only one act of negligence, the respondent has an extensive disciplinary history, and offered testimony which was frequently conflicting and somewhat less than candid. Under the circumstances, the respondent is suspended from the practice of law for a period of one year.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and SANTUCCI, JJ., concur.

Ordered that the motion of the Grievance Committee for the Tenth Judicial District to confirm in part and disaffirm in part the Special Referee's report is granted and all three charges are sustained; and it is further,

Ordered that the respondent's cross motion to confirm the Special Referee's report to the extent that it fails to sustain charges one and three, disaffirm to the extent that it sustains charge two, and limit any sanction to an admonition is denied; and it is further,

Ordered that the respondent, Scott M. Zucker, is suspended from the practice of law for a period of one year, commencing April 30, 2010, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (c) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (3), and (d) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Scott M. Zucker, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Scott M. Zucker, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).